Dahl et als. v. Pross.

CATHERINE DAHL, *et als.*, Appellants, *vs.* AUGUST H. PROSS, Respondent.

### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A complaint setting forth that the Plaintiff had executed, acknowledged and delivered to the obligee a bond, conditioned for the conveyance of certain real estate therein specified, upon being paid a certain amount of money; that said bond had been duly recorded; that default had been made by the obligee, in making payment according to the terms of the contract, alleging that the obligor had performed on his part all that was required by the terms of the contract, and tendering the deed in Court and asking that the Defendant be required to pay the balance due and accept the deed, at or before a time certain to be fixed by the Court, or in default thereof, that the bond be delivered up to be cancelled, and the Defendant thereafter be barred of all right, title and interest in and to the premises, states a good cause of action.

Courts of Equity have ordinarily construed such an instrument as an agreement to convey lands. It is not a mortgage, and differs widely from that instrument. In case of a bond for a deed, no sale of the premises is provided for in the instrument, or contemplated by the parties in case of default by either. If the obligor refuses to convey upon being paid according to the conditions specified, the obligee has his remedy upon the bond, or, perhaps, may have the aid of the Court for a specific performance, or a decree for the conveyance. If the obligee fail, the obligor has his remedy upon such evidences of debt as he may have received, or to have the bond cancelled. Upon such default the obligee can claim no rights, legal or equitable, and the bond is *functus officio.*

Such a bond, however, properly witnessed and acknowledged, and recorded, creates a lien upon the land, and is notice to purchasers of any equities the obligee may be able to set up against the obligor. And as a Court of Equity will sometimes interfere to relieve against a default, the existence of the bond casts a cloud or shadow upon the obligor's title, which he is entitled to have removed.

The obligee in such a bond is not entitled to a tender of a deed until payments are made in accordance with its conditions.

## Points and Authorities for Appellants.

I.—There is no ground to cancel the bond—as fraud, mistake, or performance, and the bond does not run against the Plaintiff, and he is not entitled to the possession of it. *Story's Equity Juris.*, sec. 703, 705, &c.

II.—There is no ground shown to remove the lien or cloud on the real estate, the Defendant being in possession, and the Plaintiff having his remedy at law by ejectment. *Sec.* 1, *ch.* 64, *Comp. Stats.*, 595; *Abbott vs. Allen*, 2 *John's Cases*, 524; *Devaux vs. The City of Detroit*, 1 *Harrington Ch.* 101; *Payne vs. Riley*, 4 *Dana*, 38; *Barry vs. Shelby*, 4 *Hey.*, 229; *Story's Eq.*, sec. 703.

III.—The complaint does not aver any sufficient performance of the condition of the bond, in that no deed is shown to be tendered. Nor are the premises shown to be free from incumbrances; and in other respects.

IV.—The contract should not be rescinded, there having been part performance, as payment of part of the purchase money, and the Plaintiff has not made nor offered to make restitution of the moneys received, &c. *Pintard vs. Martin*, 1 *S. & M. Ch.* 126; *Golden vs. Maupin*, 2 *J. J. Marsh*, 8; *Brown vs. Witten*, 10 *Ohio*, 142; *Edwards vs. Hanna*, 5 *J. J. Marsh*, 18.

V.—The claim to foreclose should first recognize the bond connected with the sale as a mortgage, and in that case the equity of redemption of the Defendants should be protected. *Flagg vs. Mann*, 2 *Sumner*, 486; *Hayes vs. Hall*, 4 *Porter*, 374; 1 *Hilliard on Mortgages*, 53, *n.*, 362, 414, 599, 659, 83, 95.

Points and Authorities for Respondent.

I.—The bond outstanding and being of record, a Court of Equity will interfere to prevent a possible mischief, and disembarrass the Plaintiff's title of the cloud created by the registration of the bond. *Willard's Eq. Jur., pp.* 303, 328, *&c., &c.; Story Eq. Jur., sec.,* 705, 705, *a.,* and cases; *Rev. Stats.,* 406, *sec.* 3.

II.—The Plaintiff " stands in the shoes " of the obligor in the bond, although not personally liable; the land is charged with the terms of the bond, and performance is compulsory upon him. *Rev. Stat.,* 406, *sec.* 3; *Story, Eq. Jur.,* 2d *vol., pp.* 784, 788; *Eq. Pl.,* 492–3; 6 *J. Ch. Rep.,* 402.

III.—The complaint avers a tender of performance on the part of the obligor, of all things by him to be performed, sufficiently. *Rev. Stats.,* 542, *sec.* 78.

IV.—Part payment of the purchase money is not such " part performance " as to obstruct the relief sought.

V.—The bond is a conditional sale, and has none of the elements of a mortgage, and therefore the obligee has no

equity of redemption.    2 *Hill. on Mort.*, *p.* 337; 1 *Ib.*, 61 *to* 74, *&c.*; 6 *Modern Reps.*, 2; 4 *J. Ch. Rep.* 559.

Horn & Galusha, Counsel for Appellant.

J. B. Brisbin, Counsel for Respondent.

*By the Court*—Atwater, J.—On the 21st of March, 1857, one Randall executed and delivered to Catharine Dahl a bond for a deed of certain premises in the City of St. Paul. The condition of the obligation was to execute to the said Catharine Dahl a good and sufficient warranty deed upon being paid the full sum of six hundred dollars, with interest at ten per cent., according to the condition of four promissory notes, bearing even date with the bond. The bond was acknowledged and recorded in the proper office. Two of the notes for one hundred dollars each, were due long previous to the commencement of this action and remained unpaid, after demand. The Plaintiff is assignee of the estate of Randall, and owner of the land described in the complaint. The complaint sets out these facts in full, alleges that the Plaintiff before this action duly tendered performance of the conditions to be performed by said Randall, to the Defendant Dahl, offers to bring the said notes into Court to be delivered up and cancelled, and asks judgment that the said bond may be cancelled, and that the said Catharine Dahl and all others claiming under or through her, may be barred and foreclosed of all estate, right or interest in the premises.

To this complaint the Defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and Defendant appealed.

The instrument described in the complaint is a contract for the conveyance of land upon the performance by the Defendant of certain conditions therein specified. It is not indeed strictly such in terms, and is in fact only a security to the purchaser in the amount of the penalty; but Courts of Equity have ordinarily construed it as an agreement to convey. It is not a mortgage, and differs widely from such an

instrument. The latter is given by the owner or holder of the legal title of property, to secure (ordinarily) his contract to pay money. A bond for a deed is an instrument given by the owner of real estate to convey the same upon being paid money. The mortgage, upon default being made in its conditions, expressly authorizes a sale of the premises, and the right of redemption as provided by statute is incident to such sale, unless otherwise ordered by the Court. In case of a bond for a deed, no sale of the premises is provided for by the instrument, or contemplated by the parties, in case of default by either. If the obligor refuses to convey upon being paid according to the conditions specified, the obligee has his remedy upon the bond, or perhaps may have the aid of the Court for a specific performance, or rather, a decree for the conveyance. If the obligee fail, the obligor has his remedy, upon such evidences of debt as he may have received, or to have the bond cancelled.

In this case the obligee has failed to comply with her agreement of payment for the land, and under the bond, can claim no rights legal or equitable in the premises. The bond is *functus officio*, and no action can be maintained upon it, either at law or in equity, against the obligor, his heirs or assigns. She can neither ask to have the premises sold, nor the money she has paid refunded, for there is no contract between the parties requiring it, or even remotely looking to such result. Nor are we aware of a single authority which holds, that in a case, such as is presented in the complaint, the obligee is entitled to ask such relief. The instrument is clear and plain, and no mistake can possibly arise as to its meaning, or the rights of the parties under it. The complaint presents the Defendant as in default in complying with her agreement, without a single extenuating circumstance, and consequently as entitled to no relief whatever, either at law or in equity.

It is nevertheless true, that the Defendant, even after default, may have equities under the instrument, which the Court will protect, when made acquainted with them. If any exist, they should be presented by answer. A Court certainly cannot consider them on demurrer—that admits, with-

out in any manner excusing the default. Where time is not of the essence of the contract, a Court of equity may allow the party to make payment, after the agreed time has elapsed, and require the deed to be executed. But this Court is not at present advised that the Defendant desires any such privilege. It may be, that she would prefer to lose the land, than even now to pay the balance due upon it. This Court will not interfere to grant privileges or equities, which are not asked for. And much less to make an entire new contract for the parties, and require the Plaintiff either to refund the moneys paid, or to sell the land for the purpose of giving the Defendant a right of redemption, as it is argued by counsel would be the proper course.

The instrument in this view of the case being void at law, and the legal title to the premises being vested in the Plaintiff, I have had some doubt as to whether the Plaintiff has set forth a sufficient cause of action to entitle him to the aid of a Court of Equity ; but upon full reflection, am of the opinion that he is entitled to the relief demanded. By *section* 1, *p.* 405, *Comp. Stat.*, it is provided that such bond, properly witnessed and acknowledged, may be recorded, and by *Sec.* 3 of the same chapter, that when recorded, it shall be notice to, and take precedence of any subsequent purchaser or purchasers, and shall operate as a lien upon the lands therein described, according to its import and meaning. And although no personal action can be maintained on the bond against the Plaintiff, yet the bond creates a lien upon the land, and the purchaser of Randall's interest, (the Plaintiff,) takes it subject to any equity the Defendant may be able to set up against the obligor in the bond, and will be decreed to convey the land in the same manner as his vendor. (*Story's Eq. Jur.*, § 784, 788, and cases cited.) The power of a Court of Equity to order the setting aside or cancelling of an agreement or bond, even where the instrument is absolutely void, either by statute or by the principles of the common law, and when no action can be maintained thereon, and the other party has a perfect defense in a Court of law, is now too well settled to be questioned. (*Willard's Eq. Jur.*, *p.* 303; 5 *Paige*, 501; 1 *John. Ch.*, *p.* 517; 2 *Story's Eq. Jur.*, §

694.) The only question which can arise upon the subject is as to the class of cases, or particular cases, in which the power will be exercised. And upon this point, the Chancellor in *Hamilton vs. Cummings*, 1 *John.*, above cited, remarks, that "the cases may all be reconciled on the general principle, that the exercise of this power is to be regulated by sound discretion, as the circumstances of the individual case may dictate ; and that the resort to equity, to be sustained, must be expedient, either because the instrument is liable to abuse from its negotiable nature, or because the defence not arising upon its face, may be difficult or uncertain at law, or from some other special circumstances peculiar to the case, and rendering a resort here highly proper, and clear of all suspicion of any design to promote expense and litigation."

The "special circumstances peculiar to this case," which seem to render the interference of the Court expedient, are that the bond has been recorded and become a lien upon the land, and certain payments having been made thereon, so long as the bond is outstanding, it leaves a question in regard to the title, which the Plaintiff is entitled to have set at rest. Although the bond has not been complied with according to its terms, yet as a Court of Equity will sometimes interfere to relieve against a default, it may be that the Defendant has equities under the bond which a Court will protect. If so, he should be required to present them now, or be barred from raising them hereafter. The existence of the bond casts a cloud, or shadow at least, upon the Plaintiff's title, which he is entitled to have removed. The interference of the Court in a case like the one at bar, where the instrument sought to be cancelled affects the title to real estate, is even more appropriate than in the case of an ordinary money bond, where the obligor is only personally liable. Where the Defendant is in possession of the premises described in the bond, it is questionable whether the action of ejectment would afford a full and complete remedy ; but even if it would, we do not think the Plaintiff is confined to such action. It may be that the Plaintiff will still be put to his action of ejectment to recover possession of the premises, but if so, the issues then

to be determined will be relieved of all questions touching the equities arising under this bond, if any such there be.

The general allegation of the Plaintiff that before this action he duly tendered performance of the conditions to be performed by the said Wm. H. Randall to the Defendant Catharine Dahl, is sufficient. So long as the Defendant is shown to be in default, it does not in fact appear that there are any conditions precedent to be performed by the Plaintiff, and the Defendant is not entitled to a tender of the deed until payments are made in accordance with the conditions of the bond.

The judgment below is affirmed.

A complaint, setting forth that the Plaintiff had executed, acknowledged and delivered to the obligee, a bond conditioned for the conveyance of certain real estate therein specified, upon being paid a certain amount of money, that said bond had been duly recorded, that default had been made by the obligee in making payment according to the terms of the contract, alleging that the obligor had performed on his part all that was required by the terms of the contract, and tendering the deed in Court and asking that the Defendant be required to pay the balance due and accept the deed, at or before a time certain to be fixed by the Court, or in default thereof, that the bond be delivered up to be cancelled, and the Defendant thereafter be barred of all right, title and interest in and to the premises, states a good cause of action.