Holton v. Meighen.

### *WILLIAM HOLTON,

*vs.*

### WILLIAM MEIGHEN.

A conveyance or assignment transferring an estate, if originally intended by the parties as a security for money, although in form an absolute conveyance, is in equity a mortgage.

It was mutually agreed between plaintiff and defendant, that defendant should furnish the means for the purchase of certain land which belonged to a third party, and with said means the plaintiff should buy the land, and convey the same by warranty deed absolutely and unconditionally to the defendant, and that plaintiff should have the privilege of purchasing said land from the defendant in twelve months thereafter, and no longer, by paying him the sum of $202, with interest at thirty per cent. per annum within said time, which purchase and *payment* plaintiff promised to make, and *as evidence of his said promise* executed a certain promissory note to the defendant, and the defendant agreed to convey said land to the plaintiff if he should make said payment within the time aforesaid, and if such payment should not be made in said time, the agreement should be void and of no effect. *In pursuance* of the agreement the defendant advanced to the plaintiff $202, to pay for said land and the expenses of purchasing the same ; the plaintiff with the means so advanced by the defendant purchased the said land, and executed to the defendant a warranty deed conveying the land to the defendant in fee simple, absolutely and unconditionally, and delivered to defendant the evidence of plaintiff's title to said land ; thereupon the defendant executed a written agreement in which, after reciting the note before mentioned for two hundred and two dollars payable in twelve months with interest at the rate of thirty per cent per annum, he agreed that if the note should be paid on or before the 21st of August 1857, he would whenever called upon any time afterwards, convey to the plaintiff by deed with special war-

---

*Ch. J. Ripley having been of counsel in this case, took no part on the hearing or decision of the same.

Holton v. Meighen.

ranty the same premises above referred to, but if the note should not be paid on or before the time it becomes due, the agreement was to be void and of no effect. *Held*, (1.) That the advance of the money by defendant to plaintiff; the note executed by the plaintiff to defendant; the warranty deed from the plaintiff to defendant; the written agreement from defendant to plaintiff, together with the mutual agreement between them in pursuance of which the money was advanced and the instrument executed, and the acts performed, were all parts of one and the same transaction; that the note was given to secure the money advanced by the defendant with the interest specified, and the condition of the agreement by the defendant to convey the land to the plaintiff was the payment of the same note; and the warranty deed having been given upon the condition that this agreement to convey would be executed by the defendant; the agreement is a defeasance to the deed, and in equity the deed is a mortgage to secure the payment of the sum so advanced with interest.

(2.) That these facts set up in an answer to a complaint in an action brought to have the deed from plaintiff to defendant declared a mortgage, do not constitute a defense to such action.

The statement of facts in a complaint in an action brought to have a deed absolute on its face declared a mortgage, considered with reference to its sufficiency to constitute a cause of action, and such sufficiency determined.

When it is sought in equity to have an absolute conveyance decreed to be a mortgage, it is only necessary to show that the deed was given to secure the payment of money, and it is not necessary to allege damage in such case or any special value in the premises.

In case of a deed absolute on its face but in fact a mortgage; if no attempt has been made by the grantee to foreclose the equity of redemption under it as a mortgage, and the right to foreclose is not barred by the statute of limitations, the grantor may maintain his action to have relief that the deed be declared a mortgage, and he be permitted to redeem.

This action was commenced in the district court for Fillmore county. The allegations of the complaint are substantially; That on the 21st day of August, 1856, plaintiff executed to defendant his note for $202, due in twelve months, with interest at 30 per cent. per annum; that to secure its payment, he mortgaged to defendant the northwest quarter

Holton v. Meighen.

of section 15, township 102, range 11 of which plaintiff was then seized in fee as follows : he executed to the defendant, a warranty deed of said land of that date, and defendant executed and delivered to plaintiff for a defeasance of said deed and agreement as follows :

"Whereas, William Holton, of the county of Fllmore and Territory of Minnesota, has given to William Meaghen a note bearing date the 21st day of August, A. D. 1856, for the sum of two hundred and two dollars, payable in twelve months, with interest at the rate of thirty per cent. per annum. Now, therefore, I, William Meighen, do hereby agree with the said William Holton, that if the above described note shall be paid on or before the 21st day of August, 1857, that I will, whenever called upon any time afterwards convey to the said William Holten by deed of special warranty from myself and all persons claiming title under me, the east half northwest quarter, and southwest quarter northwest quarter, and northwest quarter northwest quarter section 15, township 102 north, range 11, containing 160 acres more or less, all in the county of Fillmore and Territory of Minnesota ; but should the above described note not be paid on or before the time it becomes due, then this agreement is void and of no effect whatever. This 23d day of August, 1856.

WM. MEIGHEN."

That said deed and agreement constituted and were by the parties intended to constitute, and it was agreed by and between the parties at and before the execution and delivery of the same respectively that they should constitute and be a mortgage of said land to secure the payment of said note, and the same were and each of them was executed and delivered in pursuance of such agreement and now are a mortgage thereon as aforesaid. That on the 5th day of.

June, 1868, the plaintiff tendered to the defendant the said sum of two hundred and two dollars with all interest due thereon according to the tenor of said note, and also tendered him for execution and delivery a deed duly stamped of said land from defendant to plaintiff, with special warranty against all claiming under defendant, and also fifty cents for his reasonable charges of executing and acknowledging the same, and plaintiff has ever since been and now is ready and willing to pay said sums, but defendant refused to receive the same or either of them and refused to execute said deed.

The relief demanded was that the deed and agreement be deemed a mortgage, that the amount due be ascertained and the plaintiff be allowed to redeem the mortgaged premises.

The answer after denying that the plaintiff mortgaged to defendant the land mentioned, the agreement that the deed and written agreement should constitute a mortgage, and the alleged intent of the parties alleged as follows : "That on the 21st day of August, 1856, the plaintiff was not and never had been the owner of said land or any part thereof, and on the day and year aforesaid and before the plaintiff had purchased said land, it was mutually agreed by and between the plaintiff and defendant that the defendant should furnish the means for the purchase of said land, and that with said means the plaintiff should buy said land and convey the same by warranty deed absolutely and unconditionally to the defendant, and that plaintiff should have the privilege of purchasing said land from defendant in twelve months thereafter and no longer, by paying him $202 with interest at 30 per cent. per annum within said time, which purchase and payment plaintiff promised to make, and as evidence of his said promise, then and there executed the

promissory note mentioned in said complaint and said agreement, and defendant agreed to convey said land to said plaintiff if he should make such payment within the time aforesaid, and that if such payment to defendant for said land should not be made in said time, that said agreement should be void and of no effect. That in pursnance of said agreement and no other, the defendant did, on the day and year last aforesaid, advance to plaintiff said sum of $220 mentioned in said note and agreement to pay for said land, and for the expenses of purchasing the same, and for no other purpose whatever.

That afterwards, to-wit, on the 22d day of August, A. D. 1856, said plaintiff with the means so advanced as aforesaid by said defendant, and with no other or different means, did purchase said lands pursuant to said agreement for the price of $200; and afterward, to-wit, on the 23d day of August, A. D. 1856, said plaintiff, in pursuance of said agreement, and no other, did execute to this defendant said warranty deed of said land and thereby conveyed to defendant said land in fee simple, absolutely and unconditionally, and did then and there deliver to defendant the evidence of plaintiff's title to said land; thereupon, in pursuance of said agreement, and no other, this defendant did execute the written agreement copied in the complaint. It further alleges that the land is wild and unimproved, and that the defendant has paid certain sums therein enumerated for taxes, and contains a general denial.

The plaintiff moved for judgment on the pleadings, and his motion was granted, and judgment entered. The defendant appeals from the judgment to this court.

JONES & BUTLER for Appellant.

C. G. RIPLEY for Respondent.

*By the Court*—McMILLAN, J.—This is an appeal from a judgment by which it is adjudged that a certain deed and agreement mentioned in the plaintiff's complaint constitute a mortgage from the plaintiff to the defendant on land therein described, with other incidental relief. The judgment was entered upon the pleadings on motion of respondent, and without further trial. The only pleadings are the complaint and answer. The first question we shall consider is whether the answer sets up a defense: Second, whether the complaint states facts sufficient to constitute a cause of action.

A conveyance or assignment transferring an estate if originally intended by the parties as a security for money, although in form an absolute conveyance, is in equity a mortgage. 3 *Leading Cases in Equity*, 624–5. *Hill vs. Edwards*, 11 *Minn.* 26, *and authorities cited*. And where in the accomplishment of their purposes the parties embrace their agreement in different instruments executed at the same time, all such instruments, constituting one transaction, are to be read together as if but one instrument, in order to ascertain the real intent of the parties. *Ib.* These positions are conceded by the appellant, and need neither discussion nor further citation of authorities to sustain them.

But the appellant claims that the transaction disclosed by the answer was a conditional sale, and not a mortgage. The answer of the defendant, referring to the land described in the complaint says " that on the 21st day of August, 1856, the plaintiff was not and never had been the owner of said land, or any part thereof, and on the day and year aforesaid, and before the plaintiff had purchased said land, it was mutually agreed by and between the plaintiff and defendant, that the defendant should furnish the means for the purchase of said land, and that with said means the plaintiff should buy said land, and convey the same by warranty deed abso-

lutely and unconditionally to the defendant, and that plaintiff should have the privilege of purchasing said land from defendant in twelve months thereafter, and no longer, by paying him said sum of $202, with interest at thirty per cent. per annum within said time, which purchase and payment plaintiff promised to make, and as evidence of his said promise, then and there executed the promissory note mentioned in said complaint, and said agreement, and defendant agreed to convey said land to said plaintiff, if he should make such payment within the time aforesaid, and that if such payment to defendant for said land should not be made in said time, that said agreement should be void and of no effect: that in pursuance of said agreement and no other, the defendant did on the day and year last aforesaid advance to plaintiff said sum of $202, mentioned in said note and agreement, to pay for said land, and for the expenses of purchasing the same, and for no other purpose whatever. That afterwards to wit: on the 22d day of August a. d. 1856, said plaintiff with the means so advanced as aforesaid by said defendant, and with no other or different means, did purchase said land pursuant to said agreement for the price of $200, and afterwards to wit on the 23d of August 1856, said plaintiff in pursuance of said agreement and no other, did execute to this defendant said warranty deed of said land, and thereby convey to defendant said land in fee simple, absolutely and unconditionally, and did then and there deliver to defendant the evidence of plaintiff's title to said land; thereupon in pursuance of said agreement, and no other, this defendant did execute the written agreement copied in the complaint." The written agreement thus referred to is as follows: "Whereas, William Holton, of the county of Fillmore and territory of Minnesota, has given to William Meighen a note bearing date the 21st day of

August A. D. 1856, for the sum of two hundred and two
dollars, payable in twelve months with interest at the rate
of thirty per cent. per annum:

Now therefore, I, William Meighen, do hereby agree
with the said William Holton, that if the above described
note shall be paid on or before the 21st day of August, 1857,
that I will whenever called upon, at any time afterwards,
convey to the said William Holton by deed of special war-
ranty from myself and all persons claiming title under me,
the east half northwest quarter, and southwest quarter
northwest quarter and northwest quarter northwest quarter
section 15 township 102, north, range 11, containing 160
acres, more or less, all in the county of Fillmore, and terri-
tory of Minnesota; but should the above described note not
be paid on or before the time that it becomes due, then this
agreement is void and of no effect whatever. This 23d day
of August, 1856."                    WILLIAM MEIGHEN."

There is no doubt that it is entirely competent for persons
capable of acting for themselves, to make a sale with a res-
ervation to the vendor of a right to repurchase the same
land at a fixed price, and at a specified time. *Conway's
Exr's vs. Alexander*, 7 *Cranch*, 218. The inquiry in every
case therefore must be whether the contract in the specific
case is a security for the repayment of money, or an ac-
tual sale. *Ib.* To that inquiry we must direct our atten-
tion.

It appears from the answer that the warranty deed from
Holton to Meighen, the promisory note from Holton to
Meighen, for $202, with interest at 30 per cent. per
annum, and the agreement by Meighen to Holton to
convey the premises described in the deed upon the condi-
tion mentioned therein, were all parts of one transaction,
made in pursuance of a single agreement between them;

Holton v. Meighen.

and that at the time such agreement was made the title to the land was not in either of the parties. The evident purpose therefore of all Holton's action in the premises was to purchase the land; and it also appears that it was *not* the intention of Meighen to keep the land himself, but to dispose of it to Holton for just the price paid for the land, and the expenses of purchasing the same, with interest at the rate of 30 per cent. per annum; Meighen's principal object therefore would seem to be to obtain the amount invested with the interest thereon above specified. These things being so, it is fair to presume that Holton had not means sufficient at hand to purchase the land, otherwise the agreement would have been without object; on the other hand Meighen had the means to invest in this manner, for he advanced the amount $202. Holton then is in a condition to borrow, and Meighen is in a condition to lend him the money, and if the land was to be purchased from the government it would have to be paid for in cash. It also appears that Meighen advanced to Holton $202 to purchase the land, and the agreement was that Holton was to convey the land by warranty deed "*absolutely* and unconditionally to the defendant;" that Holton was to have the privilege of purchasing said land in twelve months thereafter, and no longer, upon paying the amount *advanced*, and the interest specified. The answer does not allege as to the agreement that Holton was to buy the land for Meighen, and it is very clear that the intention was that Holton should take the title in his own name. So far, therefore, there would be no presumption that the purchase was for the benefit of Meighen. Does the further stipulation that Holton should convey by warranty deed raise that presumption? We think not. To arrive at the effect of that stipulation we must refer to the whole agreement, and

if it appear therefrom that the conveyance by warranty deed was intended to secure the payment of a debt, then the effect of the agreement would not be to vest the equitable ownership in Meighen by virtue of the purchase by Holton. The agreement as alleged in the answer is, "that the defendant should *furnish* the means for the purchase of said land." * * "That in pursuance of said agreement and no other the defendant did, on the day and year last aforesaid, advance to plaintiff said sum of $202, mentioned in said note and agreement," also that the plaintiff was to "have the privilege of purchasing said land from defendant in twelve months thereafter, and no longer, by paying him *said sum of* $202, *with interest at* 30 *per cent. per annum* within said time, which purchase *and payment* plaintiff *promised to make,* and as evidence of his said promise *then and there executed ·the promissory note* mentioned in said complaint, and said agreement.

This note, then, executed at the same time with the warranty deed and the agreement, and as a part of the same transaction, was made by Holton to secure the payment of the $202, advanced or furnished by Meighen for the purchase of the land by Holton in his own name, as another part of the same transaction; the $202, for which the note was given must have been at the time an existing liability in favor of Meighen, against Holton, it is made so expressly by the agreement of the parties themselves, and the only reason of its being a liability against Holton is because the amount was furnished to him by Meighen to buy the land, and upon the payment of this note the plaintiff was entitled under the agreement signed by Meighen to a reconveyance of the land, by deed with special warranty. Not only does the agreement of the parties make the advance by Meighen to Holton a debt from the latter to the former, but the fact

Holton v. Meighen.

that the note bears interest from its date, and the fact that the reconveyance upon payment of the note was to contain only special covenants of warranty against the grantors and those claiming under him, together with all the surrounding circumstances, show that this advance of the money by Meighen was a loan for which the note was given, and that the object of the warranty deed was to secure the payment of the same. The deed therefore can only take effect as a mortgage, and notwithstanding the express stipulation in the agreement, which is in effect a defeasance, that such agreement to reconvey shall be void if payment is not made in accordance with its terms, the equity of redemption in the grantor is unimpaired. 3 *Leading cases in Eq.*, 638–9 *and authorities cited.* There is no doubt that the complaint states a cause of action. It alleges in due form the making of the note referred to; that to secure the note the plaintiff mortgaged the premises described of which he was seized in fee, by executing to the defendant a warranty deed of said premises, which is recorded, and that defendant executed to plaintiff as and for a defeasance of said deed, an agreement which is set out in the complaint, and which is contained in a former part of this opinion. "That said deed and agreement constituted, and were by the parties intended to constitute, and it was agreed by and between the said parties at and before the execution and delivery of the same respectively, that they should constitute and be a mortgage of said land, to secure the payment of said note, and the same were, and each of them was executed and delivered in pursuance of such agreement, and now are a mortgage thereon as aforesaid."

It also alleges in due form tender on the 5th of June, 1868, of the principal and interest on the note, also a deed duly stamped, &c., with special warranty, reasonable charges,

Holton v. Meighen.

and readiness and willingness to pay, &c. Where it is sought in equity to have an absolute conveyance decreed to be a mortgage, it is only necessary to show that the deed was given to secure the payment of money; and it is not necessary to allege damage in such case, nor any special value. So far as *Belote vs. Morrison*, 8 *Minn.* 94–5, cited by appellant, conflicts with this rule we cannot concur in it.

The right to foreclose, and the right to redeem are reciprocal, and in this State under the law still in force, the right to foreclose a mortgage exists for 20 years after the cause of action accrues. *Gen. Stat. chap.* 66, *tit.* 2, *sec.* 11 *p.* 451. This period has not elapsed in this instance. No attempt has been made to foreclose this mortgage. The plaintiff is not denied this remedy.

The answer states no facts which tend to show that defendant will be injured by granting the plaintiff the relief sought; he does not appear to have made any improvements on the premises, or expended any amount thereabout except certain sums for taxes. It does not appear what is the value of the land, or that it is worth more than the plaintiff will be required to pay. The defendant's rights as mortgagee will all be secured, and the amount he is entitled to receive for his debt, taxes and interest will be paid. We see no reason therefore why under the pleadings the plaintiff is not entitled to the relief granted by the judgment.

Judgment affirmed.