AUGUSTUS PARSONS and another *vs.* ANNA M. NOGGLE and others.

*February 6, 1877.*

**Foreclosure and Redemption—Possession.**—The possession of mortgaged premises by either the mortgagor or mortgagee in no way affects the right of the one to redeem, or the other to foreclose.

**Same—Absence of Mortgagor from State does not Extend his Time for Redemption.**— The time within which an action to redeem must, as a general rule, be brought, is, in analogy to the statute limiting the time for commencing an action to foreclose, ten years; and the time for the mortgagor to bring his action to redeem is not extended by the fact that, owing to the mortgagor being out of the state, the mortgagee may bring his action to foreclose after the ten years.

This action was brought in the district court for Hennepin county, by Augustus Parsons and William J. Parsons, against Anna M. Noggle, John R. Webb, and others, to set aside the foreclosure of a mortgage, for leave to redeem, and for an account of rents and profits, etc. Among other things, the defendants pleaded that the cause of action did not accrue within ten years before the commencement of the action. The trial was had before *Vanderburgh*, J., who ordered judgment for defendants. A new trial was refused, and plaintiffs appealed.

*Benton & Benton*, for appellants.

*George Bradley* and *J. M. Shaw*, for respondents.

GILFILLAN, C. J.[1] This was a suit to vacate and set aside a judgment and proceedings foreclosing a mortgage upon real estate, and to have an accounting of the rents and profits of the real estate while in possession of the purchaser under said proceedings, and of the amount due on the mortgage, and to be permitted to redeem from the mortgage. The mortgage was executed by the plaintiff Augustus to the defendant John R. Webb, July 12, 1856, to secure two promissory notes, the last one of which came

---

[1] Cornell, J., having been of counsel, did not sit in this case.

due in two years from said date. After the execution of the mortgage, and on the same day, Augustus executed to the plaintiff William J. a bond conditioned to convey an undivided half of the premises at a certain price, the whole of which was afterwards paid, so that William J. thereupon became the equitable owner of an undivided half of the premises. In May, 1859, Webb, the mortgagee, instituted and prosecuted suit against these plaintiffs to judgment of foreclosure, and to a sale of the premises to satisfy the mortgage; and, the sale being confirmed, the proper deeds upon such sale were executed to the defendant Webb, and to one Camp—the grantor of the defendant Harriet Camp Webb—purchasers, April 26, 1860. Webb, and those claiming under him, have been in possession of the real estate, under the mortgage and foreclosure proceedings, since April, 1859. It is claimed that these foreclosure proceedings were void as against both the defendants in them, for want of jurisdiction of the court over the persons of the defendants, and it would seem that they were void as against Augustus. But whether void or not is immaterial, under the view that we take of another point in the case. All of the parties, except the plaintiff Augustus, appear to have been, during all the time, residents of this state. Augustus was, during all such time, a non-resident of the state.

Upon this state of facts, the right to bring an action to redeem was barred by lapse of time, prior to the commencement of this action. As to William J.'s right of action to redeem his undivided half, no question can be made upon it. If the non-residence of Augustus saved his right of action to redeem, because it saved the mortgagee's right of action to foreclose against him, such non-residence could not operate in favor of the mortgagee against William J., nor in favor of William J. against the mortgagee.

The mortgage became fully due, and the mortgagee's right of action to foreclose and the right of action to redeem fully accrued, in 1858. Under the act of 1870,

changing the time for foreclosing by action from twenty to ten years, the right of action to foreclose as to both the mortgagors—except as it was saved by the non-residence of Augustus—was barred four years before this suit was brought; and under the acts of 1871 and 1873, limiting the time within which a mortgagee may foreclose under a power in the mortgage, the right to foreclose by advertisement was barred in October, 1873—a year before this suit was brought.

The statute prescribes no limit to the time within which an action to redeem may be brought. Where there is no statutory limit to an equitable right of action, the courts apply to it the rule established by statute in analogous cases. This court has adopted, in the action to redeem, not the statutory rule in the action of ejectment, but that in the action to foreclose, as most nearly analogous. *Holton* v. *Meighen*, 15 Minn. 69; *King* v. *Meighen*, 20 Minn. 264. It is therefore established, as a general rule, that an action to redeem must be brought within ten years after the right of action accrues. Where the statute allows, in the cases provided for by it, exceptions to its operation, in favor of the plaintiff, the court, in applying the statutory rule to an equitable action, adopts, in favor of the plaintiff in such action, the same exceptions as are provided in the rule adopted from the statute. *Demarest* v. *Wynkoop*, 3 John. Ch. 129. The possession of the premises by the mortgagor or mortgagee, under our statute, in no way affects the right to foreclose; nor, under the rule adopted by this court, the right to redeem. Such possession neither takes away, suspends, nor limits either of those actions.

It is claimed that the defence given by statute, being a personal privilege, may be waived by the defendant; that the mortgagor may waive his defence, and thus revive the right of action to foreclose, and the consequent or concurrent right of action to redeem; and that these mortgagors, by bringing this action, have waived the statutory bar to the mortgagee's right of action to foreclose, and revived such

right of action, and consequently their right of action to redeem. The same suggestion was made, and by the court rejected, in *Cunningham* v. *Hawkins*, 24 Cal. 403. It is true that, when sued for a foreclosure, the mortgagor may waive the statutory defence, and in such case the right of redemption would doubtless continue; but it would be a singular feature of the law if the mortgagor could, by his own gratuitous act, and without the consent of the mortgagee, remove a bar to his own right of action.

The point in the case arises as to Augustus Parsons' right of action to redeem, and upon the fact that, he being a non-resident, the right of action to foreclose, as against him, has never been barred; and it is insisted that where, for such reason, the right of action to foreclose, whether asserted or not, continues beyond the general limit prescribed by statute, the right of action to redeem also continues—in other words, that, when the statute makes an exception to its operation in favor of a mortgagee's right of action to foreclose, it shall operate in favor of the mortgagor's right of action to redeem. That in every case, as long as there is a right of action to foreclose, there shall be a right of action to redeem, may seem to be indicated by the language of 2 Hilliard on Mortgages, 2, that, "in general, the respective rights of mortgagee and mortgagor, with regard to foreclosure on the one hand, and redemption on the other, are treated as mutual—that is, the existence of the former is held to involve that of the latter, and *vice versa*;" and of *Caufman* v. *Sayre*, 2 B. Monroe, 202; of *Koch* v. *Briggs*, 14 Cal. 256; of *Cunningham* v. *Hawkins*, 24 Cal. 403; of *Holton* v. *Meighen*, 15 Minn. 69; (in which cases the language of Hilliard, that "the right to foreclose and the right to redeem are reciprocal and commensurable," is adopted;) and of *King* v. *Meighen*, 20 Minn. 264, referring to *Holton* v. *Meighen*, that "the application of this principle in that case is that, as the right to foreclose has not expired, the right to redeem remains in existence."

Hilliard, however, in the language quoted, is merely stating a general rule, to which it is admitted there are exceptions; and in neither of the cases cited was involved the question whether, when one of the causes of action survives by reason of statutory exceptions in favor of the party holding it, the other cause of action also survives. In *Holton* v. *Meighen*, the action to redeem was brought within the time generally limited for bringing the action to foreclose, and the court held it was brought in time. In *King* v. *Meighen*, the action to redeem was brought after the time generally limited for the action to foreclose, and the court held it barred. In neither case was there any fact to extend the time for bringing either the action to foreclose or the action to redeem. All that the court assumed to decide, in either of these cases, was that the rule of limitation in an action to foreclose applies to an action to redeem.

Courts of equity have never gone so far as to assume the power to fix absolutely a limit of time within which an equitable action may be brought, and to arbitrarily determine what the limit shall be. Refusing a remedy in equity to a party because of his laches and delay in seeking it— in doing which the court is governed by the particular circumstances of each case—stands upon a different footing from refusing a remedy merely by reason of the lapse of time, and without regard to the question of laches. In the latter case it is generally said that courts of equity, in applying a limit, act in analogy to the statute, though the propriety of this language has been questioned. In *Hovenden* v. *Lord Annesley*, 2 Sch. & Lef. 607, the chancellor said, (p. 630 :) " But it is said that courts of equity are not within the statutes of limitations. This is true in one respect—they are not within the words of the statutes, because the words apply to particular legal remedies; but they are within the spirit and meaning of the statutes, and have been always so considered. I think it is a mistake in point of language to say that courts of equity act merely by

analogy to the statutes; they act in obedience to them.''
The result, however, will be the same whether it be more
strictly accurate to say that the court acts in analogy to, or
that it acts in obedience to, the statute; for, if it be a prin-
ciple of equity jurisprudence that equitable remedies shall
be barred by lapse of the time prescribed by statute in
analogous cases at law, that principle is just as binding
upon a court as though it were enacted in a statute. If we
are required, either by a principle of equity jurisprudence,
or by the spirit and meaning of the statute, to apply to the
action to redeem the limit prescribed by statute to the most
nearly analogous case which it provides for—the action to
foreclose—then the time within which the action must be
brought is ten years, and such additional time as the statute
allows to the plaintiff, by reason of his disability or inability
to prosecute his suit effectually.

The absence of the defendant in the action, by non-
residence, is a specified inability of the plaintiff. As the
courts of the state cannot get jurisdiction of the person of
the defendant, the statute assumes that the plaintiff will be,
during such absence, unable to have a full remedy by action,
and for this reason it is provided that the time of such
absence shall not be part of the time limited for the com-
mencement of the action. But the absence of the plaintiff
is not an inability. Should the court, in an action to
redeem, allow a longer time than ten years, for the reason
that, during part of that time, the plaintiff in the action was
absent from the state, it would not apply the same rule
prescribed by statute in the action to foreclose; for in that
action the statute makes no allowance on account of the
plaintiff's absence. To make the action to redeem and the
action to foreclose precisely analogous, so far as respects
the limitation, the plaintiff in each action should have the·
same time and the same exceptions in his favor; and, in
case of either action, the question whether it may be brought
after the ten years must depend on the disabilities or inability

of the plaintiff in it, and not on the disabilities or inability of the defendant to bring his action; for the time to foreclose is not affected by an inability of the mortgagor, arising from the mortgagee's absence, to bring an action to redeem. The conclusion is that an action to redeem must be brought within ten years after the cause of action accrues, unless the mortgagor can show that there exists, as to him, a disability or inability for which, when existing as to the mortgagee, the statute extends the time to foreclose. As no such case is shown in favor of either of these plaintiffs, their right of action to redeem was barred when this action was commenced.

Order affirmed.