WILLIAM MEIGHEN *vs.* ALMON KING.

September 25, 1883.

**Mortgage by Deed absolute in Terms—Right to recover Possession.**
A conveyance of real estate, absolute in terms, but executed as security for a debt, is a mortgage, and, until foreclosure, the mortgagee cannot, by reason of it, recover possession of the real estate.

**Same—Right to Redeem or Foreclose barred by Statute.**—The fact that the mortgage debt was not paid, and that the rights of action to foreclose and for leave to redeem have become barred by the statute of limitations, does not affect the right to recover possession.

Appeal by plaintiff from an order of the district court for Fillmore county, *Farmer,* J., presiding, refusing a new trial, the action having been tried by a referee and judgment having been ordered for defendant. The facts are stated in the opinion. The subject-matter of this action has been before this court before, in the cases of *Holton* v. *Meighen,* 15 Minn. 50, (69,) and *King* v. *Meighen,* 20 Minn. 237, (264.)

*N. P. Colburn* and *H. S. Bassett,* for appellant.

The statute of limitations has barred defendant's defence. If the warranty deed under which plaintiff claims and which is absolute in form could ever have been shown to have been intended as a mortgage, it is now too late to do this. *Weide* v. *Gehl,* 21 Minn. 449; *Fisk* v. *Stewart,* 24 Minn. 97; 26 Minn. 365; *Collins* v. *Doe,* 33 Ala. 91; *Espinosa* v. *Gregory,* 40 Cal. 58; *Hughes* v. *Davis,* 40 Cal. 117; *Pico* v. *Gallardo,* 52 Cal. 206; *Lackey* v. *Bostwick,* 54 Ga. 45; *Biggers* v. *Bird,* 55 Ga. 650; *Green* v. *Turner,* 38 Iowa, 112; *Crawford* v. *Taylor,* 42 Iowa, 260; *Burdick* v. *Wentworth,* 42 Iowa, 440; *Wetherbee* v. *Green,* 22 Mich. 311; *Jeffery* v. *Hursh,* 42 Mich. 563; *Sutton* v. *Mason,* 38 Mo. 120; Sedgwick & Wait on Trial of Title to Land, §§ 338, 340. After a great lapse of time a deed absolute cannot be shown to be a mortgage. *English* v. *Lane,* 1 Porter, (Ala.) 328; *West* v. *Hendrix,* 28 Ala. 226; *Harris* v. *Miller,* 30 Ala. 221; *Sewell* v. *Price,* 32 Ala. 97. If the deed was ever a mortgage the statute gave ten years in which the equity might have been asserted, and by the lapse of that period the equity of redemption has been foreclosed. Gen. St. 1866,

*c.* 66, § 11; Laws 1870, *c.* 60; *King* v. *Meighen,* 20 Minn. 237, (264;) *Parsons* v. *Noggle,* 23 Minn. 328, and authorities cited *supra.*

Gen. St. 1878, *c.* 75, § 29, does not refer to an equitable mortgage but only to the ordinary legal mortgage, which merely gives a lien on realty. Gen. St. 1878, *c.* 40, § 23, is the statute referring to conveyances absolute in form given as security. The word "deed" is used in this latter statute in contradistinction to the word "mortgage" used in the former, and makes the distinction intended by the statute. It also shows that in this state an absolute conveyance given as security passes the fee absolutely to the grantee. If the fee did not pass to the grantee, the grantor could not pass it to the grantee. See authorities cited *supra* and *White* v. *Lucas,* 46 Iowa, 319.

The defendant asks that he be confirmed in his title and possession of the land in question, and that plaintiff's deed be declared a mortgage and cancelled of record. He has not paid the mortgage debt, has not offered to do so and does not now offer to do so. It is not equity to grant to defendant the relief prayed for without payment or offer of payment of the mortgage debt. "He who asks equity must first do equity." "A court of equity will never permit an equitable title to prevail over the legal, unless for the promotion of justice and equitable principles." *Burdick* v. *Wentworth, supra,* and cases cited *supra.* The issues in this action are *res adjudicata. King* v. *Meighen,* 20 Minn. 237, (264.)

*R. A. Jones* and *H. R. Wells,* for respondent.

Gilfillan, C. J. Ejectment. The plaintiff claims title under a conveyance, absolute in terms, from Alexander Holton and David Holton to him, dated August 27, 1855,—Alexander Holton then being the owner of the land,—and a deed of quitclaim by Holton to Martin Henderson, dated August 6, 1857, and a conveyance by Henderson to plaintiff, dated March 27, 1869. As to the deed from Holton to plaintiff, the court below finds that, though absolute in form, it was in fact executed as security for a debt due plaintiff from the Holtons, and that, at the time of executing it, plaintiff executed to them an agreement in writing, not under seal, agreeing to convey the land to them on payment of the note which was evidence of the debt, and of the taxes.

As to the deeds from Holton to Henderson, and from Henderson to plaintiff, the facts found affecting it are: That in the spring of 1856 Alexander Holton sold to David Holton, Sr., all his right, title, and interest in the land, and executed to him a bond to convey the same. On August 23, 1856, Alexander and David, Sr., bargained and sold it to Henderson, and executed to him a bond to convey it. On August 30, 1856, Henderson assigned this bond to one Watson, and September 1, 1870, Watson assigned it to defendant. Since June, 1855, Alexander Holton and his respective successors in interest have remained in the possession of the land, and the plaintiff has never been in the possession thereof; that is, as we understand the findings of the court, David Holton, Sr., Henderson, Watson, and defendant, each, when his interest accrued under the bond to convey and the assignments, entered upon and remained in possession while his interest continued,—the defendant still being in possession. Though the evidence as to the possession is not very full, we think it sufficient to justify the finding as to the only time material here; that is, the time of the conveyance by Henderson to plaintiff. The possession of Watson was notice of his rights, and plaintiff took whatever title he derived through the Henderson deed subject to them. This, irrespective of the fact that the land in controversy was included in the deed from Alexander Holton to Henderson by mistake, and that it was only a quitclaim, and of the question whether the bond from Alexander and David Holton, Sr., and the various assignments were recorded in the proper book, so as to make the record notice, disposes of plaintiff's claim under the Henderson deed.

There remains only the question of his right to the possession under the deed from Alexander and David Holton, found by the court below to have been intended only as security as a mortgage. Since the case of *Hill* v. *Edwards*, 11 Minn. 5, (22,) this court has fully recognized the doctrine that "whenever a conveyance or assignment, or other instrument transferring an estate, is originally intended between the parties as security for money, whether this intention appear from the same instrument or from any other, it is always considered in equity a mortgage; and when it is once determined that a given transaction is a mortgage, it is a familiar principle that it always re-

mains a mortgage." In this case, the lapse of time, the fact that the right of action on the one hand to redeem, and on the other to foreclose, had become barred by the statute of limitations, did not give to either party any greater right than he had under the original transaction. If, under that, the mortgagee had no right to the possession of the premises, he did not acquire such right by lapse of time; so that the question is, simply, can the mortgagee in what is termed an equitable mortgage—that is, by an instrument in terms an absolute conveyance—recover the possession of the property by virtue of his mortgage?

Gen. St. 1878, c. 75, § 29, provides: "A mortgage of real property is not to be deemed a conveyance, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure." This would seem to apply to every case where the relation is that of mortgagor and mortgagee, by whatever instrument created, whenever the intention is not to pass the absolute title, but only to give security for a debt. The courts in some states, as California, Michigan, Iowa, and Georgia, having similar statutes, have held the rule to apply in an action of ejectment only to the case of ordinary mortgages, and that where the mortgagee in an equitable mortgage —that is, one created by a conveyance absolute in terms—seeks to obtain or defend the possession of the real estate under it as an absolute conveyance, the mortgagor, in order to have the true character of the transaction declared and enforced, must offer to perform on his part. On the other hand, the courts in New York and Texas apply the rule to all mortgages, however they were created; the court of appeals in the former state declaring, (*Carr* v. *Carr*, 52 N. Y. 251, 258:) "The fact once established, either by the terms of the conveyance or by other evidence, that the grant was intended as a mortgage, the rights of the parties are measured by the rules of law applicable to mortgagors and mortgagees; and the conveyance remains but a mortgage until the equity of redemption is foreclosed, and the mortgagee cannot have ejectment against the mortgagor, or those claiming under him, until after foreclosure."

There seems some inconsistency in the position taken by the courts in the former states; for, whether the question be treated as legal or

equitable, the relations and rights of the parties, and the question whether mortgage or not, should be determined by the original transaction. If it is then a mortgage, it cannot become an absolute conveyance by anything happening subsequently. And yet those courts, while regarding it as a mortgage, if there has been no default, or, in case there has, if the mortgagor tender performance, regard it and enforce it as an absolute conveyance, so far as concerns the right of possession, if there has been a default which the mortgagor does not offer to remove, thus making the rights of the parties depend, not solely on the original character of the instrument, and the intention with which it was executed, but, in part, at least, on subsequent events. We are unable to see why the rights of the parties, under such a mortgage, are not fixed and absolute, and as little dependent on judicial discretion, as in the case of an ordinary mortgage, under which the mortgagee cannot, till foreclosure, recover possession.

Order affirmed.