CHARLES MILLER *vs.* JOTHAM G. SMITH.

July 18, 1890.

Action to have Deed declared a Mortgage—Limitation.—After the lapse of more than 20 years from the date of the transaction the court will not entertain a suit to have a deed absolute on its face declared a mortgage, and for an accounting, where the note secured by such deed is simply alleged not to have been due at the date of the deed.

Same—Complaint.—Complaint *held* insufficient to entitle the plaintiff to the equitable relief sought.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, sustaining a demurrer to the amended complaint. The action was brought in August, 1889.

*W. H. Tripp* and *W. E. Akers*, for appellant.

*Woods & Kingman*, for respondent.

VANDERBURGH, J.   The plaintiff alleges that he executed and delivered to the defendant a deed of the land described in the complaint on the 30th day of November, 1868, to secure an indebtedness of $300, evidenced by his promissory note running to the defendant, "which was not then matured." He also alleges that the note has never been paid; that defendant, in 1884, 16 years after the date of the deed, conveyed away the lands to purchasers in good faith and for value, and he now asks that the deed be declared a mortgage; that defendant be adjudged to account to plaintiff for the value of the lands, less the indebtedness of plaintiff, with interest and taxes, which plaintiff offers to pay or have allowed in such accounting. It will be observed upon an inspection of the complaint that it nowhere appears when the note became due, or that it is yet due. As it does not appear that interest was contracted for, none would accrue on the note until after maturity, the date of which is not stated. Obviously the plaintiff would have us assume that it matured at some time after its date, and within the 21 years before this suit was brought. But, giving the language the most favorable construction, we must presume that the note fell due within a reasonable time after

the date of the transaction, and, allowing 10 years for foreclosure, defendant's right to foreclose must be held to have been barred before he sold the property; and plaintiff cannot complain of this construction, for he seems to have industriously avoided a full disclosure of the facts. In the absence of further allegations, we must presume that plaintiff's reciprocal right of redemption was lost through lapse of time when the land was sold. *Parsons* v. *Noggle,* 23 Minn. 328. And when the right to redeem is lost, the court will not entertain an action to have an absolute deed declared a mortgage, and for an accounting. In any view of the case, the complaint is insufficient to call into exercise the equitable powers of the court.

Order affirmed.