ALVA W. BRADLEY v. MICHAEL NORRIS and Others.[1]

December 13, 1895.

Nos. 9502—(43).

**Mortgagee in Possession—Redemption—Limitation.**

The time within which a mortgagor may bring an action to redeem from the mortgagee in possession begins to run from the time the mortgagee goes into possession.    The limitation upon suits to redeem, adopted by analogy, is the time within which an action to foreclose may be brought.

**Decisions Reviewed.**

Former decisions of this court on the subject cited and reviewed.

**Foreclosure by Action—Limitation—Laws 1887, c. 69.**

Laws 1887, c. 69, changing the time within which an action to foreclose may be brought from 10 years to 15 years, was retrospective, and applied to all cases where the prior statute had not fully run before the amendatory act took effect (September 2, 1887).

**Covenant of Seisin—Breach.**

*Held,* also, that, upon the facts found in this case, neither the defendants nor any of their grantees were ever seised of the premises in question, and that plaintiff is entitled to full damages for a total breach of defendants' covenant of seisin.

[1] Reported in 65 N. W. 357.

Appeal by plaintiff from an order of the district court for St. Louis county, C. L. Lewis, J., denying a motion for a new trial. Reversed and remanded with directions to amend conclusions of law and to direct judgment in favor of plaintiff.

The court found as facts, among other things, that in defending the action of Burke v. Backus, referred to in the opinion, Edward J. Bradley necessarily expended for costs and attorney's fees $804.05, and that after the judgment therein plaintiff and said Edward J. Bradley paid to Henry M. Backus the amount of said attorney's fees. As conclusions of law the court found: That plaintiff was entitled to recover of and from defendant, Simon Clark, $7,604.05 with interest on $6,800 from February 7, 1887, and interest on $804.-05 from January 5, 1894, together with plaintiff's costs and disbursements; and that defendants, Michael Norris, Mary Norris and Maggie Clark were entitled to judgment against plaintiff for their costs and disbursements.

*Billson, Congdon & Dickinson*, for appellant.

Defendants at the date of their deed did not own the land or have a right to convey it. The right to foreclose and the right to redeem are reciprocal or commensurable only in the sense that the same period of limitation will be applied to the latter, which is by law imposed upon the former. In order to acquire title by possession, the mortgagee must have been possessed for the full statutory period; since it is only from his entry into possession with the mortgagor's consent that the limitation begins to run in his favor. The origin of the phrase that "the right to foreclose and the right to redeem are reciprocal" is found in certain early cases in which it was a question whether a transaction was a mortgage in which one conveying lands, though under no obligation to repay the purchase money, yet had a right to reclaim if he chose to repay, and in which cases it was held that to constitute a mortgage the remedy must be reciprocal. Copleston v. Boxwill, 1 Ch. Cas. 1, 12 Car. 2; Gorey's Case, 3 Salk. 240; Croft v. Powel, Comyns, 604; Bonham v. Newcomb, 2 Vent. 364; Newcomb v. Bonham, 1 Vern. 7, 214, 232; 1 Powell, Mortg. 386. See Coote, Mortg. 26. The phrase was subsequently misused in some cases. Caufman v. Sayre, 2 B. Mon. 202; 2 Hilliard, Mortg. §§ 1–3, 9–11; Koch v. Briggs, 14 Cal. 256; Holton

v. Meighen, 15 Minn. 50 (69); King v. Meighen, 20 Minn. 237 (264); Parsons v. Noggle, 23 Minn. 328; Meighen v. King, 31 Minn. 115, 16 N. W. 702; Holton v. Bowman, 32 Minn. 191, 19 N. W. 734; Banning v. Sabin, 45 Minn. 431, 48 N. W. 8; Miller v. Smith, 44 Minn. 127, 46 N. W. 324; Fisk v. Stewart, 26 Minn. 365, 4 N. W. 611; Johnson v. Sandhoff, 30 Minn. 197, 14 N. W. 889; Rogers v. Benton, 39 Minn. 39, 38 N. W. 765; Jellison v. Halloran, 44 Minn. 199, 46 N. W. 332; Russell v. Akeley Lumber Co., 45 Minn. 376, 48 N. W. 3.

At common law the mortgagee took the legal estate with right to possession; but in equity, even after breach of condition, the mortgagor might be relieved. A foreclosure proceeding was nothing but a suit in equity to have a time limited by decree within which the right of redemption might be exercised or extinguished. If no foreclosure proceedings were taken, the right to redeem continued indefinitely until the mortgagee had been in actual possession for 20 years without recognizing as subsisting the relation of mortgagor and mortgagee. In New York, however, and in some other states, it was held that the legal estate did not vest in the mortgagee till after breach of condition, though the right of possession passed at the date of the mortgage. 2 Wood, Limitations, § 225; Id. § 222, p. 546 (449), note 2, and cases cited; Angell, Limitations, § 456; Barron v. Martin, 19 Ves. 327; Robinson v. Fife, 3 Oh. St. 551; Demarest v. Wynkoop, 3 Johns. Ch. 129; Blake v. Foster, 2 Ball & B. 387; Howland v. Shurtleff, 2 Metc. (Mass.) 26; Slicer v. Bank of Pittsburg, 16 How. 571; Moore v. Cable, 1 Johns. Ch. 385; Hughes v. Edwards, 9 Wheat. 489. But any act of the mortgagee, even though he were in possession, by which he acknowledged the transaction to be still a mortgage at any time within twenty years and before a bill to redeem, was nevertheless held sufficient to keep the right to redeem alive. Angell, Limitations, § 485, and cases cited; Wood, Limitations, § 235, and cases cited. A purely parol acknowledgment unaccompanied by any overt act would, however, be insufficient to keep the mortgage alive. Wood, Limitations, § 235. But even after the title of the mortgagee had matured and the right to redeem had been barred, the mortgagee might waive the right thus acquired, and he was construed to do so, if, for example, he commenced an action to foreclose. Angell,

Limitations, § 458; Ord v. Smith, Cas. t. King, 9; Conway v. Shrimp-ton, 5 Bro. P. C. 187. On the other hand, if the mortgagor remained in possession, the right to redeem continued indefinitely. Angell, Limitations, § 462; Jackson v. Wood, 12 Johns. 242; Burke v. Lynch, 2 Ball. & B. 426. And it was almost as universally recognized that after such possession by the mortgagor for twenty years without payments on the mortgage debt or other act recognizing the mortgage, the debt was presumed to have been paid, and the title revested in the mortgagor. Angell, Limitations, § 468; Jackson v. Wood, supra; Hughes v. Edwards, supra; Giles v. Baremore, 5 Johns. Ch. 545; Angell, Limitations, § 466, and cases.

The right to entertain a suit to redeem from a mortgage (which purports upon its face to be such) does not arise in the present state of our law until the mortgagee has gone into possession, so that until then the limitation upon such suit does not begin. Wood, Limitations, § 224; 2 Jones, Mortg. § 1156; Waldo v. Rice, 14 Wis. 286; Knowlton v. Walker, 13 Wis. 264; Montgomery v. Chadwick, 7 Iowa, 114; Hubbell v. Sibley, 50 N. Y. 468; Miner v. Beekman, 50 N. Y. 337; Peabody v. Roberts, 47 Barb. 91. If there is any cause of action in favor of a mortgagor, whether popularly denominated an action to redeem or otherwise, which arises at the maturity of the mortgage indebtedness, it is an entirely different cause of action from that which arises in his favor upon the entry of the mortgagee into the possession of the property. See Kortright v. Cady, 21 N. Y. 343; Bruce v. Tilson, 25 N. Y. 194. A mortgagor who after the mortgage, either gratuitously or for a consideration, awards to the mortgagee the possession to which he was not before entitled, thereby gives an additional security, for redemption from which a right of action cannot accrue until the possession is taken. Raynor v. Drew, 72 Cal. 307, 13 Pac. 866; Spect v. Spect, 88 Cal. 437, 26 Pac. 203; Bullion & Ex. Bank v. Otto, 59 Fed. 256. See, also, Henry v. Confidence Mining Co., 1 Nev. 619. The mortgagee by entry can acquire no rights unless such entry is with the mortgagor's assent. Rogers v. Benton, supra; Russell v. Ely, 2 Black, 575; Newton v. McKay, 30 Mich. 380; 26 Albany Law J. 526, 27 Albany Law J. 6; Gill v. Newell, 13 Minn. 430 (462); Atkins v. Little, 17 Minn. 320 (342); 1 Lead. Cas. Eq. 732; 53 Am. Dec. 541, note; Siebert v. Leonard, 17 Minn. 410 (433); McClay v. Gluck, 41 Minn. 193, 42 N. W. 875.

As between the limitation on foreclosure by action, and that on fore-closure by advertisement, it is by reference or analogy to the longest of these limitations, that the limitation upon the right to redeem must be determined. In the case of Bierman this was the fifteen years allowed for foreclosure by advertisement.

Upon the findings Bierman cannot be deemed to have become a mortgagee in possession of this land earlier than 1878, so that title could not have accrued to his grantees as mortgagees in possession until 1893; prior to which time, to-wit: May 13, 1892, such incipient rights, if any, as the grantees of Bierman had acquired, were lost by the adverse judgment in Burke v. Backus, 51 Minn. 174, 53 N. W. 458; Morris v. McClary, 43 Minn. 346, 46 N. W. 238. Tracts which merely corner upon each other are separate and distinct parcels, so that possession of one cannot be regarded as possession of the other. Kresin v. Mau, 15 Minn. 87 (116); Bunker v. Locke, 15 Wis. 635; Lester, Land Regulations, No. 408, p. 360; Linn Co. Bank v. Hopkins, 47 Kan. 580, 28 Pac. 606; Thompson, Homesteads, §§ 120, 145, 147.

For breach by defendants of their covenants of seisin and right to convey, the prima facie measure of damages is the purchase price with interest. See Smith v. Compton, 3 B. & Ad. 407; Wilson v. North-ampton Ry. Co., L. R. 9 Ch. 279. On breach of a covenant of seisin or of right to convey the prima facie measure of damages is the purchase money with interest. Kimball v. Bryant, 25 Minn. 496; Ogden v. Ball, 38 Minn. 237, 36 N. W. 344; Burke v. Beveridge, 15 Minn. 160 (205); Tanner v. Livingston, 12 Wend. 83; Huntsman v. Hendricks, 44 Minn. 423, 46 N. W. 910; Akerly v. Vilas, 21 Wis. 88; Walker v. Wilson, 13 Wis. 522; Tone v. Wilson, 81 Ill. 529; Earle v. Kingsbury, 3 Cush. 206; Hubbard v. Norton, 10 Conn. 422; Mitchell v. Stanley, 44 Conn. 312; Harlow v. Thomas, 15 Pick. 66. The only class of cases in which the courts have shown a disposition to confine the vendee to nominal damages under the covenant of seisin are those in which, although acquiring no title, he has gone into and still retained at the time of his suit the actual possession with or without accompanying possessory rights. Ogden v. Ball, supra; Sable v. Brockmeier, 45 Minn. 248, 47 N. W. 794; Allen v. Allen, 48 Minn. 462, 51 N. W. 473; Kimball v. Bryant, supra; Burke v. Beveridge, supra; Resser v. Carney, 52 Minn. 397, 54 N. W. 89.

*William B. Phelps*, for respondents.

The time within which to bring action to redeem under the Hoffman mortgage expired in 10 years. Holton v. Meighen, 15 Minn. 50 (69); King v. Meighen, 20 Minn. 237 (264); Parsons v. Noggle, 23 Minn. 328; Livingston v. Ives, 35 Minn. 55, 27 N. W. 74; Rogers v. Benton, 39 Minn. 39, 38 N. W. 765; Miller v. Smith, 44 Minn. 127, 46 N. W. 324. The right to redeem is barred when the right to foreclose by action is barred. The right to redeem by action accrues on default in payment of the sum secured by the mortgage. Fisk v. Stewart, 26 Minn. 365, 4 N. W. 611; Miller v. Smith, supra; King v. Meighen, supra. The right to redeem terminates when the right to foreclose by action expires. King v. Meighen, supra; Holton v. Meighen, supra; Parsons v. Noggle, supra; Fisk v. Stewart, supra; Grattan v. Wiggins, 23 Cal. 16; Cunningham v. Hawkins, 24 Cal. 403; Arrington v. Liscom, 34 Cal. 365; Phelan v. Fitzpatrick, 84 Wis. 240, 54 N. W. 614. Bierman's title became perfect as early as November, 1884. The Tischer mortgage was barred and under the decisions in this state it has ceased to exist. Burwell v. Tullis, 12 Minn. 486 (572); Archambau v. Green, 21 Minn. 520. Defendants were well seised and had good right to convey. 4 Am. & Eng. Enc. Law, 477 n.; Rawle, Covenants, § 42; Hubbell v. Sibley, 50 N. Y. 468. As against one showing no title in himself possession is title. Sherin v. Brackett, 36 Minn. 152, 30 N. W. 551; Barber v. Evans, 27 Minn. 92, 6 N. W. 445; Herrick v. Churchill, 35 Minn. 318, 29 N. W. 129; Child v. Morgan, 51 Minn. 116, 52 N. W. 1127; Marston v. Hobbs, 2 Mass. 433, 3 Am. Dec. 61; Backus' Adm'rs v. McCoy, 3 Ohio, 211, 17 Am. Dec. 585. To recover more than nominal damages plaintiff must show something equivalent to a recovery under paramount title. 4 Am. & Eng. Enc. Law, 480, note; Wagner v. Finnegan, 54 Minn. 251, 55 N. W. 1129; Horrigan v. Rice, 39 Minn. 49, 38 N. W. 765; Rawle, Covenants, § 186; Kimball v. Bryant, 25 Minn. 496; Harris v. Kerr, 37 Minn. 537, 35 N. W. 379; Mecklem v. Blake, 22 Wis. 495. There was no evidence to show a title paramount to that conveyed by defendants.

MITCHELL, J. This is an action to recover damages for breach of covenants of seisin, right to convey, quiet enjoyment, and warranty, in a conveyance of land. A somewhat extended statement

63 M.—11

of the case is necessary to an understanding of the questions involved.

One Hoffman, being the owner of two quarter sections of land which cornered on each other (and which will be called Tracts Nos. 1 and 2), in June, 1872, executed a mortgage upon them to one Tischer. Default having been made in its conditions, Tischer assumed to foreclose the mortgage under a power of sale, and in November, 1874, both tracts were purchased at the foreclosure sale by Henry J. Bierman. This is the foreclosure which was held void in Backus v. Burke, 48 Minn. 260, 51 N. W. 284, and Burke v. Backus, 51 Minn. 174, 53 N. W. 458. In December, 1886, Bierman executed to the defendants Norris and Clark a warranty deed of the north half of tract 1, which is the land described in the complaint, and the title to which is involved in this action. On February 7, 1887, the defendants, by deed with full covenants, conveyed the same land to one McKinley, by whom it was, with like covenants, conveyed to plaintiff's brother, who, with like covenants conveyed an undivided half to the plaintiff. The two Bradleys then conveyed with full covenants to one Backus. In December, 1890, Frank Burke and others, claiming title through a conveyance from the heirs of Hoffman, commenced an action against Backus and the Bradleys to determine their adverse claim to the land. In their complaint Burke and others alleged that Backus' and Bradleys' claim of title rested upon the foreclosure of the mortgage from Hoffman to Tischer, which, they alleged, was void. Upon that ground the court in that action adjudged that Burke and others were the owners of the land, and that Backus and the Bradleys had no interest or estate therein. This judgment was rendered May 13, 1892, and on appeal affirmed by this court. Burke v. Backus, supra. The Bradleys thereupon refunded to Backus his purchase money, and took from him a quitclaim of the premises. In like manner, E. L. Bradley refunded to his brother the purchase money of his undivided half, and received back a quitclaim deed of such half interest. Afterwards E. L. Bradley assigned to plaintiff such rights of action as he had against these defendants, either as their subgrantee or by virtue of an express assignment, which McKinley had already made to him, of his right of action against defendants. Thereupon plaintiff brought this action to recover from defendants the purchase money paid to them by McKinley, his immediate grant-

or, breaches of all the covenants being alleged, although counsel for plaintiff now rely exclusively on the breach of the covenant of seisin. In the complaint it was also alleged that written notice of the pendency of the action of Burke v. Backus had been served on defendants, with a request to defend, and it was argued that, for this reason, the defendants were bound by the results of that action. But the court found that they never received such notice, and the evidence justified the finding. Hence, that question may be dismissed without further discussion.

Defendants deraigned their title or claim of title through or under the Hoffman mortgage. It is urged by the defendants that, even if they had not acquired title under the Hoffman mortgage, yet plaintiff is not entitled to recover, because it was not made to appear in this action that Burke and others had title, or that they recovered in Burke v. Backus on title paramount to that of Backus and the Bradleys. We do not think the point is well taken. If defendants had not acquired title under the Hoffman mortgage, then there was in fact a paramount title outstanding in the Hoffman heirs. It appears that, in Burke v. Backus, Burke and others claimed solely under this paramount title, and that they recovered. Under these circumstances, it must be presumed, as against the defendants, if they had no title, that Burke and others recovered on the strength of the paramount title under which they claimed. It was settled in Burke v. Backus, supra, that the foreclosure of the Hoffman mortgage was void. Hence, defendants acquired no title under the foreclosure.

But it is claimed that, although Bierman, their grantor, purchased at a void foreclosure sale, he had, as mortgagee in possession, acquired title before he conveyed to the defendants; but, second, even if title had not thus matured in Bierman or his assigns, when defendants conveyed the land with the covenants sued on, such title subsequently matured, by the further lapse of time, before the commencement of this action, and hence, at most, plaintiff could only recover nominal damages for a technical breach of the covenant of seisin. These contentions bring us to the important questions in the case.

It is assigned as error that there was no evidence to justify any findings that Bierman ever was a mortgagee in possession at any time. The conclusion we have arrived at on other questions renders it unnecessary to consider this point. It is sufficient to say

that there is no finding, and in our opinion no evidence to justify
a finding, that Bierman entered into possession of any part of tract
1, for any purpose, prior to "early in the year 1878." The mere
payment of taxes on vacant wild land will not constitute a mort-
gagee in possession. Nor, under the facts of this case, can acts of
ownership over tract 2 be extended in their effect so as to consti-
tute constructive possession of tract 1. We shall, however, for the
purposes of this appeal, assume that Bierman became mortgagee
in possession of the land here in question "early in the year 1878,"
and that such possession had never been abandoned or lost until
the final determination of Burke v. Backus. It should be noted,
however, that, subsequent to December, 1886, when Bierman con-
veyed to defendants, such possession, if any, must have been mere-
ly constructive, for there is neither finding nor evidence that his
grantees or subgrantees ever were in the actual possession of the
premises, or that the premises were other than vacant and unoccu-
pied land, without any visible marks of habitation or actual occu-
pancy.

Defendants' contentions are as follows: First. Where the holder
of a mortgage has gone into possession as mortgagee in possession,
and so remains (the mortgage being unpaid) until the right to bring
an action to redeem is barred, he becomes vested with an absolute
legal title to the mortgaged premises. Second. That the right to
redeem and the right to foreclose "being reciprocal and commensur-
able," they begin and end at the same time; and hence, when the
right to foreclose by action expires, the right to maintain an action
to redeem also expires. Third. That, as the right to foreclose ac-
crues on default in the payment of the sum secured by the mort-
gage, therefore the right to bring an action to redeem accrues at
the same time. Fourth. That, under the statute then in force, the
right to foreclose by action expired in ten years from the maturity
of the mortgage, and hence that the right to bring an action to
redeem also expired at the same time.

Applying these rules to the facts of this case, it would follow that
the right of the Hoffman heirs to bring an action to redeem expired
at least as early as November, 1884, and at that date Bierman, as
mortgagee in possession, became vested with an absolute legal title
to the land, although he had been in possession of it less than 7

years. The same result would have logically followed if he had been in possession a single day before the expiration of 10 years from the maturity of the mortgage. If this is so, it certainly has no known analogy in the law. According to such a doctrine, a person might one day be a mortgagee, having merely a lien on the mortgaged premises, and the next day be the absolute owner of them.

The first of these four propositions is correct. Rogers v. Benton, 39 Minn. 39, 38 N. W. 765. The question when the time for bringing an action to redeem will be extended by reason of the mortgagee, in return for the surrender of the possession to him, assuming some express contract obligation to the mortgagor, or by reason of his subsequent admission that he is holding the premises in trust for the mortgagor, is one which we need not now consider. But, as to the time when the right to maintain an action to redeem accrues, and when it expires, counsel for defendants is clearly in error, into which he may have been led by some loose and inaccurate dicta of this court in former decisions.

The proposition that the right to redeem and the right to foreclose are mutual and reciprocal, or commensurable, when rightly understood, means merely that a mortgage cannot be a mortgage on one side only,—that if it be a mortgage with one party it must be a mortgage with both. Thus, in Coote on Mortgages (page 26) it is said: "It has been already mentioned that a mortgage cannot be a mortgage on one side only. It must be mutual,—that is, if it be a mortgage with one party, it must be a mortgage with both. * * * The mutuality, however, need not run 'quatuor pedibus.' The rule only requires that it shall not be competent to one party alone to consider it a mortgage. In other respects, the rights of the parties may be different, for it is every day's practice, that one party may not be able to foreclose at a time when the other may redeem, as in the instance cited in Talbot v. Braddil, 1 Vern. 394. So, in a Welsh mortgage, the mortgagor may redeem at any time, but the mortgagee cannot foreclose, nor, without a covenant or bond, sue for the money." The following are the cases in this court bearing more or less directly on this subject: Holton v. Meighen, 15 Minn. 50 (69); King v. Meighen, 20 Minn. 237 (264); Parsons v. Noggle, 23 Minn. 328; Fisk v. Stewart, 24 Minn. 97;

Meighen v. King, 31 Minn. 115, 16 N. W. 702; Rogers v. Benton, supra; Miller v. Smith, 44 Minn. 127, 46 N. W. 324; Jellison v. Halloran, 44 Minn. 199, 46 N. W. 332.

We shall not consider these cases in detail. An examination of them, however, will show that, in every case where the right of the mortgagor to redeem from the mortgagee in possession was held to be barred, the mortgagee had been in possession for the full period allowed by statute for foreclosure by action, unless Miller v. Smith, supra, may be an exception. In that case the plaintiff had, more than 20 years before action, conveyed to the defendants by deed absolute in form. Defendants, after holding the land over 15 years, sold it to third parties, who afterwards platted and sold it in town lots. After the lapse of so many years, the plaintiff brought an action to recover the then present value of the land, seeking to impeach his own deed by parol evidence that it was only intended as a mortgage. While reference is made in the opinion to the reciprocity of the rights of foreclosure and of redemption, yet it is apparent that the case was rightly decided upon broader and entirely different grounds. And while it does not distinctly appear from the opinion, it is fairly to be presumed from what is stated that the defendant had been in possession during the whole of the 20 years.

The first cases in which the court uses the phrase that the right to foreclose and the right to redeem are "mutual and reciprocal," or "reciprocal and commensurable," in the apparent sense that they necessarily accrue and expire at the same time, are Holton v. Meighen and King v. Meighen, supra. In each instance the remark was wholly obiter, and seems to have been borrowed from decisions in California, based on what was doubtless a misconstruction of a remark of Justice Field in Koch v. Briggs, 14 Cal. 256. That no such doctrine is now held by the supreme court of that state will be seen by reference to Raynor v. Drew, 72 Cal. 307, 13 Pac. 866, and Spect v. Spect, 88 Cal. 437, 26 Pac. 203. Parsons v. Noggle, supra, is entirely inconsistent with any such doctrine. In that case the late chief justice explains clearly that, in fixing the equitable limitation upon suits to redeem, the court adopted, not the statutory rule in ejectment, but the rule in an action to foreclose as more nearly analogous.

That, on reason as well as authority, the time within which an action to redeem from a mortgagee in possession commences to run from the time the mortgagee goes into possession is apparent from the whole history of the law of mortgages. *no ¶*

The common-law mortgage (mortuum vadium) instantly vested the legal title in the mortgagee, subject to be defeated on performance of the condition of the mortgage. Unless otherwise stipulated in the mortgage, it vested in the mortgagee the immediate right of possession. If the condition was performed, the mortgagor was in as of his old estate. If the condition was broken, the mortgagee's estate was, at law, absolute and indefeasible. But courts of equity, proceeding on the principles of the civil law, and operating on the conscience of the mortgagee, adjudged the breach of condition to be in the nature of a penalty, which ought to be relieved against, and held that the mortgagor had an equity to redeem on payment of principal, interest, and costs. Hence, under the common-law mortgage, the right to file a bill to redeem accrued immediately on breach of the condition. If the mortgagor remained in possession of the premises, without any payment or other acknowledgment, for 20 years, the mortgagee's right of entry was barred, and his mortgage extinguished. On the other hand, if the mortgagee remained in possession for the same length of time, without any acknowledgment that he was holding in trust for the mortgagor, the mortgagor's right to redeem was barred, and the estate of the mortgagee became indefeasible, in equity as well as law, the courts of equity adopting by analogy the statute of limitations limiting the right of entry at law.

The modern mortgage, as it now exists in most states, creates a mere lien. It neither conveys the legal title nor gives the mortgagee the right of possession. The doctrine of a mortgagee in possession and the action to redeem may not be logically consistent with the nature of such a mortgage, but both the doctrine and the practice are well established, and are eminently salutary as well as convenient. *no ¶*

Under the modern mortgage, ordinarily, nothing in the nature of an action to redeem could be maintained until after the mortgagee had gone into possession. Until then, all that the mortgagor would have to do, even after breach of condition, would be to pay

his mortgage. But, the mortgagor having permitted the mortgagee to take possession, the latter has a right to retain possession until the mortgage is paid. It is not necessary to hold that the possession of the mortgagee enlarges his estate, or in any respect changes the relation of debtor and creditor between him and the mortgagor. All there is to it is that possession, once rightfully acquired, may be retained until the debt is paid; and this the mortgagee may do, although his right to maintain an action for the recovery of the debt is barred by the statute of limitations, for this does not extinguish the debt, but merely takes away the remedy. But it is only after the mortgagee has gone into possession that an action to redeem, or any action analogous to it, will ordinarily lie; and the time for bringing such an action commences to run from the time the mortgagee goes into possession. This is in accordance with reason, as well as with the general current of the authorities, and with all statutes that have been enacted on the subject. See 2 Jones, Mortg. § 1145 and note.

The limitation upon the right to redeem, adopted by this court by analogy, is the statutory limitation on foreclosure by action. This has been assumed, if not expressly decided, in several cases. See Parsons v. Noggle and Rogers v. Benton, supra. ( This is, in our judgment, much more analogous than the limitation on the exercise of a power of sale, where the proceedings are in pais.) The result is that, if the mortgagor remains in possession, and the mortgagee fails to foreclose within the statutory limitation, the relation of mortgagor and mortgagee ceases to exist, and the mortgagor holds the land free of the lien of the mortgage. On the other hand, if the mortgagee, after breach of condition, goes into possession as mortgagee, and the mortgagor fails to bring an action to redeem within the limitation adopted by analogy, the relation of mortgagor and mortgagee ceases to exist, and the mortgagee's title becomes absolute and indefeasible. If the land remains vacant and unoccupied, when the right of foreclosure is barred, the land remains the property of the mortgagor, for his legal title would draw to it the constructive possession. In that respect the result would be just the opposite from what it would be under the old common-law mortgage, for under the latter the legal title and right of possession were in the mortgagee.

The remaining question is, when, under the statute then in force, would the possession of Bierman as mortgagee mature or ripen into title?

The right to foreclose by action was, by G. S. 1866, c. 66, § 11, fixed at 20 years. By Laws 1870, c. 60, this was changed to 10 years. Laws 1887, c. 69, which took effect September 2, 1887, again changed it to 15 years. This statute was, in its operation, retrospective, so as to apply to all cases where the former statute had not run before it took effect (September 2, 1887); that is, as applied to this case, to all cases where the mortgagee had not gone into possession prior to September 2, 1887. Burwell v. Tullis, 12 Minn. 486 (572).

The cases cited by defendants, to the effect that the law fixing the time within which the mortgagor may redeem after foreclosure sale cannot be changed, so as to affect mortgages previously executed, are not in point. Such a right enters into and becomes a part of the contract, and cannot be changed without impairing its obligation. But a statute changing the time within which an action may be brought affects merely the remedy, in which no one has any vested right, provided, only, that he is given a reasonable time after the change in which to bring his action. As has been already stated, there is neither evidence nor finding that Bierman went into possession sooner than "early in 1878." It follows that in no event could his possession have ripened into the title before January 1, 1893, which would have been over seven and a half months after the judgment in Backus v. Burke. The defendants were not, at the time they conveyed, and neither they nor their grantees ever have been, seised of the premises; and, upon the facts, the plaintiff is entitled to full damages, to wit, the purchase money paid by McKinley, his immediate grantor, with interest.

It is urged by the defendants that plaintiff is not entitled to recover because the claim of Burke v. Backus was barred by estoppel by conduct, and might have been defeated on that ground, had not plaintiff negligently failed to set it up. The record does not disclose whether estoppel was urged as a defense in that action, neither does it appear that any facts existed which would have enabled the plaintiff to urge it successfully. If such a defense would be available at all to defendants, in an action for breach of their

covenants, it was certainly incumbent on them to prove it. No such issue seems to have been litigated, or even suggested, on the trial.

Order reversed, and cause remanded, with directions to the court below to amend its conclusions of law in accordance with this opinion, and to direct judgment to be entered in favor of plaintiff and against defendants for $6,800, with interest from February 7, 1887.