## SHIMERDA v. WOHLFORD *et al.*

Under Comp. St. § 4348, providing that a transfer of property as security shall be deemed a mortgage, and Section 4358, providing that a mortgagee is not entitled to possession of mortgaged property unless expressly authorized by the mortgage, a fraudulent conveyance of real estate, by one holding it as security, to a purchaser with knowledge, is only effective as an assignment of the grantor's mortgage interest; and the grantee is not entitled to the possession of the property when it is sufficient to pay the debt.

(Opinion filed April 3, 1900.) .

Appeal from circuit court, Miner county. Hon. FRANK B. SMITH, Judge.

Action by Joseph A. Shimerda against A. W. Wohlford and another to quiet title, and for an accounting. From an order overruling a demurrer to the complaint, defendant Wohlford appeals. Affirmed.

*Farmer & Farmer* and *A. E. Chamberlain*, for appellant.

*F. L. Soper*, for respondent.

CORSON, J. This is an appeal from an order overruling a demurrer to the complaint. The facts stated in the complaint may be briefly stated as follows: In August, 1894, the plaintiff was the owner of certain real estate situated in the county of San Diego, state of California. At said time plaintiff was indebted to the defendant A. W. Wohlford in the sum of about $4.500, evidenced by certain promissory notes executed by said plaintiff to said Wohlford. About said date the said property in said San Diego county was conveyed to the defendant Wohlford to secure the payment of the said $4,500, said deed thereto being given and intended as a mortgage upon the said property. Subsequently, in October, 1895, the plaintiff entered into an agreement with one Ward, who was the owner of certain real estate in the county of Miner, in this state, in which it was agreed that said Ward would take the said California property in exchange for the farm owned by him in said Miner county; and thereupon, at the request of this plaintiff, the said property in California was conveyed to said Ward, and the said property in Miner county was conveyed to said Wohlford, to be held as security for the payment of the said promissory notes. It was understood by and between this plaintiff and said Wohlford that the deed to him by said Ward, though absolute in form, was, and was intended to be, a mortgage to

secure the payment of the notes aforesaid. Plaintiff further alleges that he immediately entered into possession of the said Miner county property, and leased portions thereof to various tenants, and held the complete and exclusive possession of the same until the commission of the acts hereinafter complained of; that in February, 1897, said Wohlford, without plaintiff's knowledge or consent, sold, and conveyed the said property, by warranty deed, absolute in form, to the defendant Musser, for the consideration of $1, who, the plaintiff alleges, well knew that said Wohlford was not the owner in fee of said premises, and that the title thereof was held by said Wohlford as security for the payment of the said promissory notes, "and that said deed of conveyance aforesaid from said defendant Wohlford to the defendant Musser was executed and delivered in pursuance of a fraudulent and unlawful conspiracy entered into by and between said defendants for the purpose of cheating and defrauding the plaintiff out of all his equity, right, title, and interest which he held or claimed to have in and to said premises;" that in March, 1897, said Musser caused said deed of conveyance to be recorded in the office of the register of deeds within and for said Miner county; that the plaintiff had no knowledge of said conveyance until on or about April 12, 1897; that in November, 1896, plaintiff leased a portion of said lands and premises to one Winchell for the period of one year from that date, for the purpose of raising crops thereon during the year 1897, for which he was to pay as rent a portion of the crops and $10 per month in cash; that said Winchell paid said monthly payments until April 1897; that in March 1897, said Musser induced plaintiff's said tenant to cease paying plaintiff the monthly rent aforesaid, and that since that time said Win-

chell has failed and neglected to pay the same, and plaintiff is informed and believes that said tenant has paid said Musser said monthly rent of $10, including the month of April, 1897; that said agricultural land so leased to said Winchell has been sown and seeded to crops, upon which there was grown and harvested in the year 1897 crops worth several hundred dollars, and unless said defendant is, by order of the court, prevented from so doing, he will seize and take possession of the one-third part thereof agreed to be delivered to this plaintiff in part payment of the rent of said premises; that there is now due and owing from this plaintiff to said Wohlford or his assignee, Musser, about $4,000; and that the value of said lands and premises so deeded to said Wohlford, and by him to said Musser, is about $8,000, and upwards. And the plaintiff prays judgment that the deed of conveyance from said Ward to said Wohlford be declared to be a mortgage held by him as security for the payment of the money due and owing on the said promissory notes, and that the defendant Musser, by the deed of conveyance executed and delivered to him by said Wohlford, be adjudged to be the assignee of said Wohlford of the mortgage interest which the defendant Wohlford had in and to said premises, and that the court adjudge and decree that the plaintiff is the owner and entitled to the possession of the said land and premises, and that neither of the defendants have any interest therein, save and except as mortgagees of the money owing by the plaintiff for which said security was given, and that the title be quieted in plaintiff; that the defendants, and each of them, be required to account to this plaintiff for all rents, incomes, and profits received by them, or either of them, from said premises. The demurrer interposed to this com-

plaint was upon the ground that the complaint does not state facts to constitute a cause of action against the said defendants. Under the allegations of the complaint, which, for the purposes of the demurrer, we must assume to be true, the conveyance from Ward to Wohlford, so far as the plaintiff is concerned, was, under our statute, a mortgage. Section 4348, Comp. Laws, provides: "Every transfer of an interest in property * * * made only as security for the performance of another act, is to be deemed a mortgage. * * *" Section 4358 provides: "A mortgage does not entitle the mortgagee to the possession of the property unless authorized by the ex press terms of the mortgage." In this jurisdiction, therefore, every conveyance intended as a security for the payment of money constitutes a mortgage; and, unless there is an express contract otherwise, the mortgagor is entitled to the possession of the mortgaged premises until the mortgage is foreclosed and the time for redemption has expired, with certain exceptions, not necessary to be mentioned. Association v. Dowling, 10 S. D. 535, 74 N. W. 436.

It is contended on the part of the appellant that the grantee in a deed absolute on its face is entitled to the possession of real property, as a matter of right, and that the appellant in this case, being the grantee under a deed thus absolute in form, was entitled to the possession of the premises in controversy, as aginst the plaintiff, and that Musser, as his grantee, acquired the same right. But we are of the opinion that, when a deed absolute upon its face is shown in fact to be given as security for the payment of money, it becomes, in effect, a mortgage, and it has all the attributes of a mortgage, and in this state must be treated as such in a court of equity. A

mortgage, in this state, does not transfer the title, but the mortgagee only acquires a special lien upon the property; the title remaining in the mortgagor until the foreclosure and sale of the mortgaged property. Authorities, therefore, applicable to grantees of deeds absolute upon their faces, have no application to this case. When the transaction is shown to be a mortgage, then the rules applicable to mortgages apply, and the mere fact that the deed is absolute in form will have no effect in a court of equity. Musser, taking the conveyance from Wohlford with the knowledge that he held title to the property, as against the plaintiff, simply as a mortgagee, became in law the assignee, only, of Wohlford; and he occupies no better position than Wohlford occupied at the time of the conveyance. He had no right to interfere in any manner with the possession of the plaintiff of the property. There was no agreement between the plaintiff and Wohlford that Wohlford should have the possession, and Musser acquired no better right than Wohlford possessed, Meighen v. King, 31 Minn. 115, 16 N. W. 702; Carr v. Carr, 52 N. Y. 251; Locke v. Moulton, 96 Cal. 21, 30 Pac. 957. When, therefore, Musser, under his assignment of the mortgage from Wohlford, attempted to take possession of the property by inducing Winchell, the tenant of the plaintiff, to attorn to him and refuse to pay the rent to the plaintiff, he violated the rights of the plaintiff; and the plaintiff is entitled to the interposition of a court of equity to protect his possession, against such unlawful and wrongful acts. The theory of the complaint seems to be that Wohlford and Musser had combined together for the purpose of defrauding the plaintiff out of his property by treating the conveyances from Ward to Wohlford, and from Wohlford to Musser, as con-

veying an absolute title to the property. The plaintiff, there-
fore, is entitled to a decree of the court adjudging the said
conveyance to Wohlford to be a mortgage, so far as it affects
the plaintiff's right, and the conveyance from Wohlford to
Musser as simply the assignment of such mortgage, and re-
straining Musser from collecting the rents, or in any manner in-
terfering with plaintiff's possession of the said property.

The appellant discusses at some length the right of entry
by a mortgagee upon the mortgaged premises, and cites a num-
ber of authorities bearing upon that question; but in this state,
we apprehend, no such right exists, except by agreement of the
parties, or where, in certain cases, the property is insufficient to
pay the mortgage debt. The statute in this state guaranties
to the mortgagor the undisputed possession of the mortgaged
property until the foreclosure of the same, except in certain
cases mentioned. This being so, the mortgagee has no right
to interfere with that possession, directly or indirectly, except
with the consent of the mortgagor. Musser, therefore, under
the alleged conspiracy between him and Wohlford in endeavor-
ing to obtain possession of the property through the tenant of
the plaintiff, was clearly violating the rights of the plaintiff
secured to him by law. Wohlford had the legal title, therefore,
and Musser now holds the same in trust for the plaintiff, and
as to the plaintiff they can be only regarded as mortgagees.
These views lead to the conclusion that the court was right in
overruling the demurrer. and the order overruling the same is
affirmed.