## SCHNITTER v. LAU.

(Circuit Court of Appeals, Eighth Circuit. July 27, 1911.)

No. 3,509.

MORTGAGES (§ 597*)—SUIT TO REDEEM—RELEASE OF EQUITY OF REDEMPTION.
    A letter written by complainant to defendant, to whom he had assigned a contract for the purchase of land as security for a loan, stating that he could not pay his notes, and that if defendant wanted anything he would have to take the land, was not a sufficient conveyance or release of complainant's equity of redemption under the law of Minnesota, and did not estop him from subsequently maintaining a suit to redeem

and for an accounting, where defendant took possession of and used the land without foreclosing his lien.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1742–1752; Dec. Dig. § 597.*]

Appeal from the Circuit Court of the United States for the District of Minnesota.

Suit in equity by Nelson J. Lau against Frank Schnitter. Decree for complainant, and defendant appeals. Affirmed.

Benjamin I. Salinger (Louis H. Salinger, on the brief), for appellant.

Stiles W. Burr, for appellee.

Before SANBORN and SMITH, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. From the facts in this case it appears that on January 21, 1891, Nelson J. Lau was the owner of a certain land contract for the purchase of 160 acres of land situated in the state of Minnesota, for the principal sum of $1,360, $700 of which had been paid; the remaining $660 of principal was payable in four annual installments, with interest. On said date he borrowed of Frank Schnitter, appellant, and one Conrad Meis, doing business as partners under the firm name of Meis & Schnitter, the sum of $500, for the payment of which he executed to them his promissory notes of that date for $300 and $200, due respectively October 25 and November 25, 1891. To secure the payment of said notes he executed a chattel mortgage upon the crops thereafter to be raised on said land, and also executed to them an assignment of said land contract. There was at that time but about 30 acres of land broken and under cultivation. On account of a crop failure for that year, Lau realized from the crop but $21.60, which he paid upon his notes. He then removed from the state of Minnesota, abandoning the occupation and possession of said land. Meis & Schnitter subsequently dissolved partnership, and Meis assigned his interest in the notes and land contract to Schnitter. After the notes became due, Schnitter wrote to Mr. Lau, about January, 1892, relative to their payment, and received from Lau a letter, which he testified was destroyed, and in which he testified Lau stated that he could not pay the $500; that if they wanted anything they would have to take the land. In 1893 Schnitter went into possession of said land by tenants and has since occupied the same, paid the balance due upon the land contract, and upon his final payment received a deed from the grantor. Schnitter has paid the taxes upon the land, broken it up, and cultivated it since.

Nothing more was heard from Lau until about April 18, 1895, when Lau wrote to Schnitter, in effect and substance demanding a conveyance of the land and an accounting for the rents. Correspondence was had between Schnitter and Lau, relative to the adjustment of the matter. Nothing resulted therefrom until Lau commenced this action to redeem said land and for an accounting of the rents and profits.

By the decree of the Circuit Court it was found that Lau was entitled to the relief asked, an accounting was had, and a decree entered that, upon the payment by Lau to Schnitter of the amount found due in said accounting, Schnitter should convey the land to Lau. From the decree Schnitter has appealed.

Appellant claims:

(1) That the letter of Lau, of January, 1892, in which he stated that he could not pay the $500, and if they wanted anything they would have to take the land, was in legal effect a conveyance or relinquishment of his equity of redemption.

(2) That the action is barred by the statute of limitations.

(3) That appellee is guilty of laches.

(4) That under the facts shown he should be estopped from now claiming the land.

That the assignment of the contract to Meis & Schnitter was as security for the payment of the two notes of $300 and $200, respectively, and that the relation between the parties was that of mortgagor and mortgagee is beyond dispute.

In Peugh v. Davis, 96 U. S. 332–337, 24 L. Ed. 775, it is said:

"A subsequent release of the equity of redemption may undoubtedly be made to the mortgagee. There is nothing in the policy of the law which forbids the transfer to him of the debtor's interest. * * * Without citing the authorities, it may be stated as conclusions from them that a release to the mortgagee will not be inferred from equivocal circumstances and loose expressions. It must appear by a writing importing in terms a transfer of the mortgagor's interest, or such facts must be shown as will operate to estop him from asserting any interest in the premises."

In Niggeler v. Maurin, 34 Minn. 118, 24 N. W. 369, it was said that plaintiff's interest as mortgagor could only be divested or barred by release properly executed, unless the circumstances constitute equitable estoppel.

In Marshall v. Thompson, 39 Minn. 137, 39 N. W. 309, it was said:

"Though a mortgagee may purchase the equity of redemption, yet, when the relation of mortgagor and mortgagee is once established, the court scrutinizes with great jealousy the acquisition of the equity of redemption by the mortgagee in any other way than regular foreclosure."

In this case we do not think the loose expression contained in the letter referred to, that Lau could not pay the $500 and if they wanted anything they would have to take the land, constituted a release or conveyance of the equity of redemption. It was a statement in effect that he could not make payment and they would have to obtain payment out of the land by foreclosure.

The evidence does not disclose a state of facts which would warrant the doctrine of equitable estoppel. Schnitter, it is true, went into possession of the land as mortgagee, and broke and cultivated the same from 1893 until the bringing of this action in 1903. No buildings or other improvements were placed upon the land. The court, in its accounting and decree, credited Schnitter with the amount due from Lau, with the amounts paid upon the contract, taxes, etc., and interest thereon, and charged him with the net profits from the land, thus doing justice between the parties. The land in question being in Minnesota, the right of redemption is governed by the law of that

state. The Supreme Court of that state, in Bradley v. Norris,. 63 Minn. 156, 65 N. W. 357, and Backus v. Burke, 63 Minn. 272, 65 N. W. 459, construing the statute laws of that state, held that the right of redemption existed during the period of 15 years.

The evidence does not show such laches on the part of plaintiff as to deprive him of the right to recover. Broatch v. Boysen, 175 Fed. 702–707, and cases there cited.

The decree is affirmed.